UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Paul Edward Johnson, | File No. 24-cv-1065 (ECT/DJF) |
| Plaintiff, | |
| v. | |
| | **OPINION AND ORDER** |
| Kevin Stahl, *Chief of Police for the City of Braham*; Tyler Johnson, *Officer Braham PD*; and Kevin Lease, *Officer Braham PD*, *sued in their official and individual capacities*, | |
| Defendants. | |

---

Paul Edward Johnson, Pro Se.

Ashley M. Ramstad and Jason M. Hiveley, Iverson Ruevers, Bloomington, MN, for Defendants Kevin Stahl, Tyler Johnson, and Kevin Lease.

---

Pro se Plaintiff Paul Edward Johnson alleges that three officers with the Braham, Minnesota Police Department violated his Fourth, Fifth, and Fourteenth Amendment rights by engaging in an unlawful search and seizure and by exposing him to a lethal substance. Defendants move to dismiss Mr. Johnson's Complaint under Federal Rule of Civil Procedure 12(b)(6). The motion will be granted because the Complaint does not reasonably apprise Defendants of the factual grounds underlying Mr. Johnson's claims. Mr. Johnson will be given a chance to amend the Complaint to address this deficiency.

The Complaint's factual allegations are sparse. *See* Compl. [ECF No. 1]. The Complaint alleges Defendants entered "unlawfully" into the Braham, Minnesota residence

of Donna Van Asch on March 25, 2023. *Id.* at 4. It alleges Mr. Johnson was in the home, and that Defendants "searched" the home and Mr. Johnson. *Id.* Defendants had no warrant. *Id.* Ms. Van Asch did not consent to Defendants' search of the home, and Mr. Johnson did not consent to Defendants' search of him. *Id.* The Complaint alleges that one Defendant, Officer Tyler Johnson, had "lethal substances on his gloves" and "transferred" a substance or substances to Mr. Johnson by touching him. *Id.* at 4–5. Mr. Johnson was "not breaking any laws" when the search occurred. *Id.* at 7. Mr. Johnson was "unlawfully arrested and detained for 2 days until being released from jail without any charges." *Id.* at 4. The Complaint notes that these events were recorded on Defendants' body-worn cameras. *Id.* at 4–6, 9, 12.

Through 42 U.S.C. § 1983, Mr. Johnson claims Defendants "put [his] life in danger and . . . violated [his] 4th Amendment, 5th, [sic] Amendment and 14th Amendment constitutional civil rights to be free from unlawful search [and] seizure and arrest and to be safe in [his] person." *Id.* at 7. The Complaint names Defendants in their "individual and official capacities." *Id.* at 2–3; *see id.* at 9. For relief, Mr. Johnson seeks damages in the amount of $2 million from each Defendant. *Id.* at 13–14. To justify these damages requests, Mr. Johnson alleges he "was subject to jail for two days, and other PTSD stress as a result." *Id.* at 11.

The legal standards governing Defendants' motion are familiar. In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept a complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). Although

the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* These rules are derived from the Supreme Court's interpretation of Rule 8(a). *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 680, 684. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Sorenson v. Minn. Dep't of Corr.*, No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012). A pro se complaint must contain sufficient facts to support the claims it advances. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint does not meet these standards. Begin with the alleged constitutional violations stemming from the searches of Ms. Van Asch's residence and Mr. Johnson. The only facts alleged to support these allegations are that the searches were warrantless and without consent and that Mr. Johnson was engaged in no criminal activity when the searches occurred. *See* Compl. at 4, 7. A search, whether it be of a residence or a person, is not unconstitutional merely because it was warrantless, without consent, or of a person

3

who is not known to be committing a crime. The Complaint's allegations regarding Mr. Johnson's subsequent arrest and detention suffer from the same problem. An arrest and detention do not violate the Constitution merely because a person denies engaging in criminal activity or because it was later determined the person would not be charged. The allegation that officers contaminated Mr. Johnson with a "lethal substance" poses a somewhat different problem. Without knowing more, it is not possible to understand the claim. The Complaint does not identify the substance, allege why the substance might be lethal, or allege that Mr. Johnson suffered any injury because of the contamination. The absence of this information causes this aspect of the Complaint to appear fanciful. Regardless, the Complaint does not give any Defendant fair notice of why he is liable under this contamination theory. The bottom line is that, even accepting these allegations as true, they do not plausibly show that Defendants violated the Fourth, Fifth, or Fourteenth Amendment.

To be fair, the Complaint's allegations *might* show a constitutional violation. A warrant's absence might contribute to showing that a search violated the Fourth Amendment. The absence of criminal activity on Mr. Johnson's part might say something about the absence of probable cause and, in turn, contribute to showing a Fourth Amendment Violation. And with more information, perhaps the contamination theory might plausibly show an unjustified or gratuitous use of force. The problem is that a complaint that merely raises the *possibility* of illegal activity flunks Rule 8(a)(2). *Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))).

Defendants take a different approach in their motion.  They submit videos recorded by the officers' body-worn cameras and argue that the videos disprove any constitutional violation.  This approach is understandable, but it seems at least inconsistent with generally applicable pleading rules for me to follow Defendants' approach in this context.  The pleading burden lies with Mr. Johnson.  Unless Mr. Johnson alleges facts plausibly showing misconduct, a wholesale review of the video evidence for constitutional violations would require guesswork as to what constitutional claims Mr. Johnson might assert and the factual basis for those constitutional claims.  That, in turn, would risk deciding purely hypothetical questions—that is, constitutional issues Mr. Johnson never intended to raise.  It would effectively turn a federal district court into a police-review board or comparable administrative oversight body.  Put differently, a Rule 12(b)(6) motion requires testing the plausibility of a plaintiff's case theory, not what a defendant or court might guess a plaintiff's case theory to be.  Without more from Mr. Johnson, following Defendants' approach would require the latter.[1]

---

[1]  Mr. Johnson refers to the body-worn camera footage and several other exhibits in opposing Defendant's motion. *See* ECF Nos. 6, 7, 30, 37–38, 40, 42, 45, 49.  It would be inappropriate to consider these materials.  A Rule 12(b)(6) motion tests the sufficiency of a pleading—here, the Complaint's allegations. *See Twombly*, 550 U.S. at 555–56.  A plaintiff opposing a Rule 12(b)(6) motion has two options.  He may amend the complaint as of right. Fed. R. Civ. P. 15(a)(1)(B).  Or he may defend the pleading as written.  A party cannot, however, defend a complaint by relying on a brief, affidavit, or other documents that describe additional or different allegations that are not in the complaint. *See Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in

There is a question whether the Complaint should be dismissed with or without prejudice.  Courts ultimately have discretion to decide between a with-prejudice and without-prejudice dismissal.  *Paisley Park Enters. v. Boxill*, 361 F. Supp. 3d 869, 880 n.7 (D. Minn. 2019).  A dismissal with prejudice is typically appropriate when a plaintiff has shown "persistent pleading failures" despite one or more opportunities to amend, *Milliman v. Cnty. of Stearns*, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013); *see Reinholdson v. Minnesota*, 01-cv-1650 (RHK/JMM), 2002 WL 32658480, at *5 (D. Minn. Nov. 21, 2002) (adopting report and recommendation), or when the record makes clear that any amendment would be futile, *Paisley Park*, 361 F. Supp. 3d at 880 n.7.  On the other hand, when a plaintiff's claim "might conceivably be repleaded with success," dismissal without prejudice may be justified.  *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *5 (D. Minn. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2142499 (D. Minn. May 16, 2019).  Here, for reasons discussed above, the Complaint falls in the latter category.  Mr. Johnson might be able to allege a plausible claim; he just hasn't done that in the Complaint.

---

original) (quotation omitted)); *see also In re Agape Litig.*, 773 F. Supp. 2d 298, 316 (E.D.N.Y. 2011) ("It is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits, and 'such facts are thus irrelevant for purposes of determining whether [the Plaintiff's] [c]omplaint should be dismissed for failure to state a claim.'" (alteration in original) (quotation omitted)).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss [ECF No. 19] is **GRANTED**.

2. Plaintiff Paul Edward Johnson's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. On or before Friday, November 15, 2024, Plaintiff Paul Edward Johnson may file an amended complaint. If no amended complaint is filed by that deadline, judgment will be entered dismissing this action with prejudice.

Dated: October 15, 2024                     s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court