## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Edward Johnson, | |
| Plaintiff, | Case No. 23-cv-1065 (ECT/DJF) |
| v. | |
| Kevin Stahl, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Paul Edward Johnson's Motion for Appointment of Counsel ("Motion to Appoint") (ECF No. 51). He argues that the Court should appoint counsel for him because he does not have the ability or training required to draft and file an amended complaint. (*See id.*) Mr. Johnson previously filed a letter (ECF No. 35) that the Court construed as a motion to appoint counsel and denied (*see* ECF No. 39). For the reasons given below, the Court again denies the Motion to Appoint but will refer Mr. Johnson to the *Pro Se* Project of the Minnesota Chapter of the Federal Bar Association for possible assistance.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Although the Court recognizes Mr. Johnson's concerns about his lack of legal training, it

does not conclude that appointment of counsel is necessary. Neither the factual nor legal issues are particularly complex. Nor does Mr. Johnson lack the ability to investigate the facts or present his arguments to the Court. In accordance with the proper procedures, Plaintiff simply needs to amend his complaint with greater factual specificity; in other words, he needs to provide information that he should already have. (*See* ECF No. 50.) The Court finds that his lack of access to assistance is not sufficient to warrant the appointment of counsel, as his situation does not distinguish his case from the myriad of other claims brought by pro se litigants. The challenges Mr. Johnson identifies are not insurmountable. Therefore, the Court denies Mr. Johnson's motion for the appointment of counsel.

However, the Court concludes volunteer legal assistance would be helpful in providing some guidance to Mr. Johnson and will refer him to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project. His participation in this program is voluntary. If he elects to participate, he might be able to talk about his case with a volunteer attorney who would consult with him about this case without charging him for the consultation. The Court will provide this referral to Mr. Johnson, along with additional details about the *Pro Se* Project, in a separate letter.

**SO ORDERED.**

Dated: October 28, 2024                               *s/ Dulce J. Foster*
                                                                   DULCE J. FOSTER
                                                                   United States Magistrate Judge